**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CRYSTAL TINELLI and LEONARD
TINELLI,

    Plaintiffs,

v.                                                      Case No: 8:20-cv-2950-CEH-CPT

TEXAS CAPITAL BANK
NATIONAL ASSOCIATION,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Plaintiffs' Amended Motion to Abstain and Remand ("Amended Motion to Remand") (Doc. 10). In the motion, Plaintiffs argue that the Court should abstain from further proceedings in this matter and remand the action to the Circuit Court of Hillsborough County, Florida, under the *Colorado River*, *Burford*, and *Thibodaux* doctrines.[1] Defendant, Texas Capital Bank, National Association ("TCB"), filed a response in opposition. Doc. 36. In further support of its Amended Motion to Remand, Plaintiffs file as supplemental authority an opinion in a related case against this Defendant wherein the court remanded that

---

[1] *See Colorado River Water Conser. Dist. v. United States*, 424 U.S. 800 (1976); *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); and *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25 (1959). Plaintiffs also initially sought remand under the doctrine of *Brillhart v. Excess Insurance Co.*, 316 U.S. 491 (1942), but subsequently withdrew their argument under *Brillhart*. Doc. 37.

action for lack of ripeness.[2] Doc. 46. The Court, having considered the Plaintiffs' Amended Motion to Remand, the response, and being fully advised in the premises, finds Plaintiffs' claims against TCB in this action are not ripe, and therefore the Court lacks jurisdiction. Accordingly, the action is due to be remanded.

I.    BACKGROUND

This case arises out of claims of medical malpractice. Doc. 1-1, ¶¶ 21–36. On July 25, 2018, Dr. Davis performed surgery on Crystal Tinelli ("Tinelli"), allegedly breached the prevailing standard of care, and caused her injury. *Id.* ¶ 26. Tinelli and her husband (collectively "Tinellis" or "Plaintiffs") filed a medical malpractice action against Dr. Davis and his employer, Laser Spine Institute (LSI), in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County ("the medical malpractice action"). *Id.* ¶ 39. The medical malpractice action is still pending. *See Tinelli v. Laser Spine Institute*, Case No. 20-CA-8352, Hillsborough County Court, Circuit Civil.

According to Tinelli, when Dr. Davis treated her, he did not disclose that he failed to maintain statutorily required financial responsibility as required by Chapter 458, Fla. Stat. *Id.* ¶ 23. In March 2019, LSI and affiliates filed their Petitions for Assignment for the Benefit of Creditors, and the Tinellis learned that LSI was insolvent. *Id.* ¶ 38. LSI contends that it is uninsured and that no funding is available to pay medical malpractice claims. *Id.* ¶ 40.

---

[2] Defendant here has filed a motion to dismiss in which it argues, among other things, that the case is not ripe. *See* Doc. 38 at 9–10.

On November 15, 2020, the Tinellis filed the instant action against Defendant, Texas Capital Bank, National Association as Administrative Agent, Swing Line Leader, and L/C Issuer (TCB) in state court. Doc. 1-1. The action was removed to this court on the basis of diversity jurisdiction on December 10, 2020. Doc. 1.

The complaint alleges four claims: breach of contract (third party beneficiary); aiding and abetting fraud; declaratory relief requiring the funding of the cash reserve account; and civil conspiracy to breach fiduciary duty. Doc. 1-1. Plaintiffs allege that TCB entered into a credit agreement with LSI on July 2, 2015, which provides that multiple lenders identified as revolving credit lenders agreed to make loans to LSI and its affiliates; a lender identified as the Term Loan Lender agreed to make a single term loan; TCB, a swing loan lender agreed to make Swing Line Loans, and in the event of default on the loans TCB may exercise multiple rights including declaring all obligations immediately due and payable. *Id.* ¶ 6. TCB claims a perfected priority lien on all assets of LSI. *Id.* ¶ 8. On or after July 2, 2015, LSI borrowed in excess of $150 million under the credit agreement. *Id.* ¶ 10. As of December 2015, the cash reserve account was fully funded in the amount of $10 million. *Id.* ¶ 14.

Under Florida law, LSI's employee physicians had an obligation to comply with the Financial Responsibility Requirements of Chapter 458 and maintain professional liability coverage but failed to do so. *Id.* ¶ 11. TCB had actual or constructive knowledge of the financial responsibility requirements under Florida law. *Id.* ¶ 11. TCB knew that LSI failed to maintain professional liability coverage because the policies stated that LSI had to maintain a self-insurance structure of one million dollars

3

per claim. *Id.* ¶ 12. Instead of requiring LSI to comply with Florida law, TCB instead retained sole discretion to fund LSI's Cash Reserve Account to fund medical malpractice claims. *Id.* ¶ 13.

By June 2017 TCB knew the professional liability risks increased to $7.25 million while cash reserve was zero. *Id.* ¶ 15. Plaintiffs allege LSI caused its physicians to fraudulently conceal from patients that the doctors were practicing in violation of the Financial Responsibility requirements of Florida law. *Id.* ¶ 17. In 2016 LSI committed defaults on the credit agreement and TCB had knowledge of the defaults. *Id.* ¶ 19. In 2017, LSI and TCB entered into a Limited Waiver and Second Amendment in which LSI admitted 7 additional defaults. *Id.* ¶ 20. In July 2018, Dr. Davis performed surgery on Tinelli. *Id.* ¶ 26. At the time she had no idea he carried no insurance and he fraudulently concealed the fact. *Id.* ¶ 23.

In July 2019, the state court entered two orders in the Assignment case:

> 1. The "Order Granting in Part and Denying, Without Prejudice, In Part, Motions to Determine Assignor's Self-Insurance Compliance," Exhibit A, dated July 19, 2019, requiring the Assignee to file a notice of any "letters of credit or escrow accounts established in connection with any self-insurance programs," Exhibit A; and
> 2. The "Order Granting Assignee's Motion for Order Authorizing Compromise of Controversy with Texas Capital Bank, N.A., as Administrative Agent for Lender Group," Exhibit B, which provides for discovery for the Plaintiffs and establishes November 15, 2020, as the deadline for any party in interest, excluding the Assignee, to challenge TCB's and its Lender Group's liens.

*Id.* ¶ 3.

In Count I of their Complaint, Plaintiffs allege that as victims of medical malpractice by LSI's employee physician, they are intended third party beneficiaries of the Credit Agreement requiring LSI to hold $10 million in the cash reserve account. In Count II, Plaintiffs allege that LSI, through its employees, perpetrated a fraud on patients like Tinelli that were injured due to LSI's malpractice and their failure to tell her they were practicing without meeting the required financial responsibility requirements. Count III seeks a declaration that TCB is obligated to fund the Cash Reserve Account. In Count IV, Plaintiffs allege TCB knew that LSI's employees owed a fiduciary duty to their patients and that non-disclosure of the practice of medicine in violation of Florida law while insolvent and unable to pay medical malpractice claims was a breach of fiduciary duty.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see* U.S. CONST. art. III. § 2. Indeed, Article III limits a federal court's jurisdiction to "cases" and "controversies." U.S. CONST. art. III, § 2. Pursuant to the case-or-controversy requirement, the U.S. Supreme Court has developed several justiciability doctrines, including the ripeness doctrine. "The ripeness doctrine involves both jurisdictional limitations imposed by Article III's requirement of a case or controversy and prudential considerations arising from problems of prematurity and abstractness that may present insurmountable obstacles to the exercise of the court's jurisdiction, even though jurisdiction is technically present." *Johnson v. Sikes*, 730 F.2d 644, 648 (11th Cir. 1984) (citations omitted). The

basic rationale of the ripeness doctrine is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). Because "ripeness is peculiarly a question of timing, it is the situation now . . . that must govern." *Blanchette v. Conn. Gen. Ins. Corp. (Reg'l Rail Reorg. Act Cases)*, 419 U.S. 102, 140 (1974). The question of ripeness affects the Court's subject-matter jurisdiction and may be raised *sua sponte* at any time. *Johnson*, 730 F.2d at 647 (citations omitted). If a case is not ripe for adjudication, the court lacks subject-matter jurisdiction over it. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006) (citations omitted). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000–01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted).

## III. DISCUSSION

"A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citations omitted). Pertinent here, Plaintiffs' claims against TCB are predicated on the fact that they will prevail on their medical malpractice claims against Davis and LSI. If they do not prevail on the medical malpractice claim, the

instant dispute becomes moot. Thus, there must necessarily be an initial determination of the underlying medical malpractice claims. Because there has been no underlying determination of liability in the medical malpractice Plaintiffs' favor such that they would be entitled to the cash reserve or to complain that there was no cash reserve, the Plaintiffs' claims against TCB are premature.

Because the instant dispute is not ripe, the Court finds remand is warranted. The issues presented here are identical to those raised in *Langston v. Texas Capital Bank National Association*, Case No. 8:20-cv-2954-VMC-AAS (M.D Fla.). The *Langston* case similarly arose out of medical malpractice claims asserted against LSI in state court and the resulting claim against TCB as administrative agent, swing line lender and L/C issuer. *See id.* at Doc. 1-1. Like the instant matter, the *Langston* action was removed to federal court. In remanding, the court determined jurisdiction was lacking because the claims against TCB were not ripe. *Id.* Doc. 53. The same analysis applies to the Tinellis' claims against TCB here.

"The ripeness doctrine keeps federal courts from deciding cases prematurely," *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1227 (11th Cir. 2006), and "protects [them] from engaging in speculation or wasting their resources through the review of potential or abstract disputes," *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). Defendant argues in its motion to dismiss that the Tinellis' claims are not ripe. *See* Doc. 38 at 9–10. Additionally, the Tinellis cite the court's ruling in *Langston* regarding ripeness in support of their motion to remand. Doc. 46.

7

To find the Tinellis' claims against TCB to be ripe before there has been an underlying determination of liability and damages against Davis and LSI in the medical malpractice action would be speculative and a waste of judicial resources. Because Plaintiffs' claims are not ripe, the Court lacks jurisdiction.

In a removed case, such as the instant action, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to the state court from which it was removed. 28 U.S.C. § 1447(c). The requirement to remand the case "is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court." *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted).

Accordingly, it is hereby

**ORDERED**:

1. Plaintiffs' Amended Motion to Abstain and Remand (Doc. 10) is **GRANTED** to the extent that the Court remands the case for lack of jurisdiction because the Plaintiffs' claims are not ripe.[3]

2. This case is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit Court, in and for Hillsborough County, Florida.

---

[3] Because Plaintiffs' claims are not ripe, the Court need not reach Plaintiffs' arguments regarding remand under the *Colorado River*, *Burford*, and *Thibodaux* doctrines.

4. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on May 20, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any